UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John Raines and Tim McGough, as Trustees of
the Carpenters & Joiners Welfare Fund, and each
of their successors,

    Plaintiffs,

v.

O.W. Construction, LLC,

    Defendant.

Civil No. 15-30 (PAM/JJK)

**FINDINGS OF FACT,
CONCLUSIONS OF LAW, AND
ORDER FOR ENTRY OF DEFAULT**

This matter was heard before the undersigned on the June 4, 2015. Bryan J. Morben, Esq., of Anderson, Helgen, Davis & Cefalu, P.A. appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of Defendant.

## **FINDINGS OF FACT**

1. The Summons and Complaint were filed with the Court on January 7, 2015. Service was accomplished on Defendant on January 12, 2015.

2. Defendant has failed to file and serve a response or Answer to the Complaint. The Clerk of Court entered default against Defendant on February 5, 2015. (Docket No. 11.)

3. Plaintiffs are trustees and fiduciaries of the Carpenters & Joiners Welfare Fund (the "Fund"). The Fund is a multi-employer jointly-trusted fringe benefit plan created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 186(c)(5). The Fund is administered in

accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA"). Plaintiffs John Raines and Tim McGough, and any subsequently appointed successor, are Trustees of the Fund and fiduciaries under ERISA § 3(21), 29 U.S.C. § 1002(21). All contributions must be made and all reports must be submitted to Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425, as the administrative agent designated by the Trustees.

4. Defendant is bound to the terms of a Collective Bargaining Agreement with the North Central States Regional Council of Carpenters, Local Union #1091. The Collective Bargaining Agreement requires employers to make fringe benefit contributions to the Funds in accordance with its terms. These contributions must be made on behalf of all employees covered by the Collective Bargaining Agreement, in amounts set forth and agreed on therein, for the purpose of funding employee benefits. The employer, such as Defendant, is required to complete a report form with the information as required by the Trustees, identifying each of its employees and each hour worked by that employee during the month performing covered service. The report is required to be submitted with the payment for the amounts due not later than the 15th day of the following month.

5. The Collective Bargaining Agreement provides that an employer is liable for an additional 10% of all contributions not timely submitted for liquidated damages, and also provides that Plaintiffs are entitled to their attorney's fees and costs.

6. Defendant has breached its obligation under the Collective Bargaining Agreement by failing to timely submit the fringe fund reports and contributions for the months of July, August, September, October, November, and December of 2014. Additionally, Defendant has failed to submit the required reports for the months of January, February, and March of 2015.

7. Plaintiffs reasonably believe that Defendant employed individuals during these months. Furthermore, Defendant is obligated to remit the reports, indicating, if appropriate, that no hours were worked.

## CONCLUSIONS OF LAW

1. Defendant is in default, and Plaintiffs are entitled to a default judgment under Fed. R. Civ. P. 55(b)(2).

2. Defendant is obligated to pay to the Funds all fringe benefit contributions, liquidated damages, and attorney's fees and costs incurred in collecting the delinquency pursuant to 29 U.S.C. §1132(a) and (g).

3. Defendant is required to submit the fringe fund reports due owing for hours worked between July 2014 and April 2015 (which would have been due May 15, 2015). Defendant is liable for the contributions due per those reports.

## ORDER

**IT IS ORDERED that**:

1. Plaintiffs' Motion for Entry of Default (Docket No. 12) is **GRANTED**;

2.     Defendant must remit the fringe fund reports due for the months between July 2014 through the date of the hearing (May 2015), if such reports have not already been submitted, at the offices of Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425.  Those reports must correctly identify hours worked pursuant to the Collective Bargaining Agreement and must be remitted within ten (10) days of service of this Order on Defendant.

3.     Defendant is obligated to pay to the Plaintiffs the fringe benefit contributions of all of the hours reported pursuant to the Court's Order, plus liquidated damages in the amount of 10% of the delinquent contributions for all months in which contributions were not remitted in a timely manner.

4.     If Defendant fails to make the payments this Order requires, Plaintiffs may move the Court for entry of a money judgment for all unpaid contributions, liquidated damages, and reasonable attorney's fees and costs, as shown by Affidavit filed with the Court.  The Court may enter judgment ten (10) days after service of the motion and affidavit on Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  June 4, 2015

*s/Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge